ROBERT GIBBONS, SURVIVOR v. JESSE H. FARWELL.

*Trover—Plaintiff's title.*

Creditors to whom goods have been consigned in payment, but who have neither asked for nor accepted such consignment, have no title to such goods and cannot maintain trover against a third person for their conversion.

Error to the Superior Court of Detroit. (Chipman J.) October 9.—October 14.

TROVER. Defendant brings error. Reversed.

*Moore & Canfield* for appellant. In trover, plaintiff cannot recover without proving that the property belonged to him: Cooley on Torts, 442, 446; 2 Greenl. Ev. § 552; *Ribble v. Lawrence* 51 Mich. 569; 3 Phil. Ev. (C. & H. notes) 534; as to whether the shipper or the consignee should maintain it against the carrier, see Ang. on Carriers, §§ 495, 498; Hutchinson on Carriers, §§ 434–5; 2 Redf. Railways § 203; Desty's Shipping § 264; *Coombs v. B. & E. R. R.* 3 H. & N.

510; *Coates v. Chaplin* 2 Ad. & El. (N. S.) 483 : 2 Gale & Dav. 552; *O'Neill v. N. Y. C. &c. R. R.* 60 N. Y. 138; 2 Greenl. Ev. § 212 ; Edw. Bailments 563–4 (2d. ed.) §§ 665–7; *Dunlop v. Lambert* 6 Cl. & Fin. 600 ; *Grimes v. Van Vechten* 20 Mich. 410 ; the forwarding of goods does not by itself amount to a payment by the consignor, if not so agreed : Benjamin on Sales, 193 n. ; *Clark v. Tucker* 2 Sandf. 157; *Brabin v. Hyde* 32 N. Y. 519 ; *Mattice v. Allen* 3 Keys 492 ; *Gilman v. Hill* 36 N. H. 319 ; *Bissell v. Balcom* 40 Barb. 98 ; 2 Schouler on Pers. Prop. 510 ; *Walker v. Nussey* 16 M. & W. 302; *Artcher v. Zeh* 5 Hill 200 ; *Grimes v. Van Vechten* 20 Mich. 410 ; *Rogers v. Phillips* 40 N. Y. 519; *Frostburg & Co. v. N. E. Glass Co.* 9 Cush. 115 ; *Meredith v. Meigh* 2 El. & Bl. 363 ; in trover there must be a taking with the intention of exercising over the chattel an ownership inconsistent with the real owner's right of possession : *Burroughes v. Bayne* 5 H. & N. 301; Cooley on Torts 450 ; a bailee's failure to deliver to the owner or notify him does not amount to a conversion : *Maginn v. Dinsmore* 70 N. Y. 410 ; Angell on Carriers, §§ 431, 433 ; *Scovill v. Griffith* 12 N. Y. 509; *Simmons v. Lillystone* 8 Exch. 441 ; *Hawkins v. Hoffman* 6 Hill 586 ; Bigelow on Torts, 199 ; *Beardslee v. Richardson* 11 Wend. 25.

*Atkinson & Atkinson* and *Alfred Russell* for appellee. Conversion consists of " any tortious act that deprives an owner of his goods wholly, or but for a time :" Cooley's Blackstone 150, citing *Keyworth v. Hill* 3 B. & A. 685 ; or, " any illegal use of the property :" Tiff. Justice, 616 ; or " using goods contrary to the design of the bailment :" *Isaack v. Clark* 2 Bulst. 309 ; *Fisher v. Kyle* 27 Mich. 454; delivery to the wrong person is conversion : Angell on Carriers 290, 292 ; *Devereux v. Barclay* 2 B. & Ald. 702; *Bowdon v. Vaughan* 10 East 416; *Bullard v. Young* 3 Stew. (Ala.) 46 ; *Seyeds v. Hay* 4 Term 260 ; *Ind. & St. Louis v. Herndon* 81 Ill. 143 ; *Ill. Central v. Parks* 54 Ill. 294 ; *Esmay v. Fanning* 5 How. 228 ; *Coykendall v. Eaton* 55 Barb. 188 ; *Bissell v. Starr* 32 Mich. 298 ; *Edwards v. Frank* 40 Mich. 616 ; *Hicks v. Lyle* 46 Mich. 488 ; possession will be sufficient evidence of right as against all who have neither right nor rightful possession : see 1 Smith's Lead. Cas. 473 et seq. ; *Duncan v. Spear* 11 Wend. 54; *Harker v. Dement* 9 Gill 7 ; *Jefferies v. Great West. R. W. Co.* 5 El. & Bl. 802 ; *Craig v. Miller* 12 Ired. 375 ; consignee has legal title : *Perkins v. Dacon* 13 Mich. 81.

Morse, C. J. This is an action of trover. The property in question in the suit upon the trial was 7000 hop-poles. The facts are undisputed. The plaintiff in the court below established substantially the following case: That he was the surviving partner of the firm of Johnston & Gibbons of Detroit; that said firm had advanced money to one John McKay of Cheboygan, who was getting out hop-poles and cedar posts at Strong's island, to assist him in his operations. In the summer of 1880, in the month of August, McKay shipped 7000 or more hop-poles on the schooner Southampton, owned by defendant, and directed the captain of the boat, defendant's agent, to deliver them to Johnston & Gibbons at Detroit. McKay testified that when he put the poles on the boat they were his property, and he sent them to Johnston & Gibbons toward payment of the money advanced by them to him, and that he wrote to them about it before he sent the poles; that the whole cargo was made out to Johnston & Gibbons, but that he did not give a bill of lading to them because he did not reach them; that the poles were worth ten cents apiece in Detroit. It also appeared that on the way down the poles were seized by the sheriff of St. Clair county and taken from the boat. Afterwards a United States marshal took possession of them and reloaded them upon the boat, and under his direction they were carried to Detroit and unloaded upon a dock in the presence of McKay; that they were never delivered to Johnston & Gibbons, nor were they notified to receive them; that before commencing suit Johnston & Gibbons made no demand for them, and took no steps to get them. Gibbons testifies that he made no move to obtain the poles, because the attorney of the defendant asked him to keep quiet until the determination of another suit, and said to him: "Then you will have no trouble settling with Farwell." That this other suit was in replevin, embracing this same property, and that defendant Farwell and McKay were resisting the claim of one John L. Smith, who was plaintiff therein. After this showing plaintiff rested his case, as did also the defendant. Plaintiff

had judgment for $810.21, the verdict being directed by the judge of the Superior Court of Detroit.

Error was assigned and urged in this Court on two grounds:

*First.* That the plaintiff did not show property in the hop-poles ; that at the best Johnston & Gibbons were only consignees, and not entitled to sue in this action.

*Second.* That if plaintiff had sufficient ownership or interest to maintain his action, there was no evidence of conversion.

We think the first objection to the verdict a good one. There is no evidence that Johnston & Gibbons had ever asked or directed McKay to send them any hop-poles in payment of his indebtedness to them, or in any manner accepted them. Neither does McKay swear that they had accepted, or agreed to accept, these or any other hop-poles in payment. All that he says about it is confined to a single question and answer : " *Question.* Had you any arrangement with them to send them hop-poles ? *Answer.* I had. I wrote them about them before I sent them." What arrangement he had, or what he wrote them, does not appear, nor did they answer his letter, according to the testimony. Gibbons is a witness upon the trial, but says not a word about his firm ever owning the hop-poles, or making any arrangement that they should be sent, or that the firm would receive them. There was no contract, express or implied, shown that passed the property, when loaded upon the boat or in transit, from McKay to Johnston & Gibbons. When delivered at Detroit the firm of plaintiff might accept them upon their debt or not, as they saw fit. Until such acceptance the hop-poles were the property of McKay. This being our view of the case, it is unnecessary to discuss the question of conversion.

The judgment of the Superior Court must be

Reversed with costs, and a new trial granted.

The other Justices concurred.