DARWIN K. MATTICE v. LOUIS BRINKMAN.

*Practice—Election of counts—Trover and conversion.*

1. Where a plaintiff is required to elect upon which of several counts he will go to the jury, and recovers as large a judgment as he could if no such election had been ordered, it is unnecessary to examine the question whether or not the court erred in compelling such election.

2. Where a landlord, on wrongfully taking possession of the leased premises, removes the personal property of the tenant into another part of the building as a necessary act in taking such possession, but in no way denies the right of the tenant to the property, who was alone in fault for not removing it, there is no ground for claiming a conversion on the part of the landlord.

Error to Wayne. (Hosmer, J.) Argued April 12, 1889. Decided April 24, 1889.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*James H. Pound,* for appellant.
*Atkinson & Wiest,* for defendant.

[The points of counsel are stated in the opinion.— REPORTER.]

74 MICH—45.

MORSE, J. The facts in this case appear to be that the plaintiff, for about four years previous to March 1, 1888, had been renting and using as a barber-shop certain premises of the defendant, paying him for such use and rental the sum of $10 per month. On that day the plaintiff paid the rent up to February 25, 1888, in full, and took a receipt for the payment. The plaintiff testifies that he had heard that the defendant wanted to turn the premises into a dining-hall, and he asked defendant about it at that time, and wanted to know what he intended to do, saying: "If I am to go out of this place, I would like to know it at once;" that he would have a chance to have a place built across the way, and would like to go over there, if the defendant was going to make any change; to which defendant replied there was no use talking about that now,—there was time enough to talk about that next summer. Plaintiff had been contemplating before this to remove his business across the way, and he thereupon told defendant that his reply was unsatisfactory, and he at once rented a place across the way, and, as soon as it was ready, plaintiff intended to take it, but it was not ready until March 16, 1888, which was on Friday. Plaintiff put a bureau in there that day, and on Saturday morning opened up a barber-shop there; moved part of his goods over there, but, as he could not then move all of them, he locked both doors of the defendant's place, and fastened the windows, and put the key in his pocket. He put up a sign on the outside that he had removed to the building across the way. In the afternoon the defendant came over, and requested the key. Plaintiff refused to let him have it. Defendant then said he would break in the premises in spite of him. He claims that the defendant did break in on Saturday evening, and was in possession

Sunday morning. Defendant testifies that he entered without breaking, as he found the place open. He admitted that he refused the plaintiff possession, and put another barber in possession of the premises.

The plaintiff admitted on cross-examination that he knew who was going in there when he went out, and that it was the same person whom defendant put in possession. Before he left defendant's shop he had sold to the new tenant the lamps used to light the shop. The plaintiff further testifies that he went to the shop on the morning of March 18, 1888, Sunday, to get some things that he needed. He found it had been broken open, and that it was barricaded against him by a piece of timber. He could not get in Sunday, but he had no talk with defendant on that day. Monday morning he tried to get in again, and could not. On Tuesday he went to the defendant, and demanded possession of the premises, but never demanded or asked for his goods. Defendant told him that he had taken possession of the place, and intended to keep it, and was going to put another barber in, which he did on that day. Plaintiff further testified that at the time the defendant took possession he had various articles of furniture in the shop of the total value of $51.60. He went and took the items or an inventory of this property, which he found thrown in a heap in the back end, and some of the goods damaged and broken. He testifies:

"I did not try to take the things, * * * nor was I offered them by any one. * * * No objection was made by him [the new tenant] or any one else to my taking the goods. I didn't propose to take them, but to hold the defendant for their value."

The plaintiff paid no rent after February 25, 1888.

The plaintiff planted this suit against the defendant, declaring upon three counts, substantially as follows:

1. In trespass, alleging that the defendant forcibly broke and entered the store building of the plaintiff, who was then and there keeping a barber-shop, and had a leasehold interest in the building, and broke, damaged, and spoiled doors, locks, staples, and hinges of the plaintiff of the value of $30, and seized and took the goods of plaintiff, describing them, of the value of $100, then being in said barber-shop, and converted them to his own use, and kept the plaintiff out with a strong hand; by means of which said several premises plaintiff was not only ejected from said premises, and hindered and obstructed in regaining the possession, but was hindered and prevented from carrying on and transacting therein his lawful business.

2. Alleging a forcible breaking and entry with a strong hand, and expulsion and removal of the plaintiff, and keeping him out from February 25, 1888, to the commencement of suit, and the conversion of the personal property in the barber-shop to the defendant's use, "whereby the said plaintiff, for and during all that time, lost and was deprived of, and kept out of the use, benefit, and enjoyment of, his said barber-shop, to his damage $2,000."

3. A count under section 7959, How. Stat., alleging that, contrary to its provisions, the defendant with force and arms, on the said 25th day of February, 1888, and at other times, entered the lands and tenements of plaintiff, describing the premises, and then and there ejected the plaintiff with a strong hand from the same, and afterwards kept him out by force and with a strong hand from such premises, and the plaintiff's goods and chattels as described in the first count converted to his (the defendant's) own use; and claiming damages at $2,000, and the right to treble them under the statute.

When the evidence was closed the defendant's counsel insisted that the plaintiff should elect on which count he would stand. Plaintiff's counsel claimed that he had a right to go to the jury upon each count, if the court should hold that he could not go to the jury upon the statutory count for the full value of the property. In such event he insisted that he would be entitled to the value of the property under the first count as for a con-

version. The court ruled that he must elect, and there-upon, after taking an exception, he decided to proceed under the statutory count for treble damages. The only damages proven to the goods by breakage or ill usage was $1.50. The plaintiff had a verdict for this amount, and six cents nominal damage for the ejectment and being kept out of possession of the building.

The judge correctly charged the jury that there was no evidence that the plaintiff had received any serious damage, and that no exemplary damages could be allowed. He also instructed them that the plaintiff could not recover for the goods which he might have taken away, and only for the damage that was done to them; that as to the entry, if they found that defendant caused somebody in the night-time to enter the building and bar the doors, and refused to surrender up the possession, the defendant was guilty, and the plaintiff entitled at least to nominal damages, which would be six cents; that the plaintiff; under the proof, was only entitled to nominal damages for the ejectment and being kept out of possession, and to the breakage proven, which was all the damage shown to have been done to the goods.

After verdict, the plaintiff had a judgment for the damages found by the jury and trebled by the court. Not satisfied, the plaintiff brings the case here for review. The verdict was right, and the judgment for more than the plaintiff deserved. Though he had a technical cause of action for the eviction, he was not damaged thereby in the least, except as his goods were damaged. He had of his own motion moved his business out of this shop, and gone at work in another place. He occupied defendant's building nearly 20 days without paying any rent. He evidently did not want defendant's shop any longer, except for a few days to store a few things. He could have got his goods at any rate on Tuesday, and prob-

ably on any day before that if he had asked for them. But it seems, from his own testimony, that he preferred to call the transaction a sale of the goods to the defendant, and to make him pay for them.     Such action is not to be encouraged by the courts.

His counsel, in an elaborate argument, claims that the court erred in compelling him to elect upon which count he would proceed; in not permitting exemplary damages; in telling the jury that the damages were only nominal, and that he could not recover for the value of the property without a demand; and he insists that he was first entitled to treble damages under the third count of the declaration for all the damages the plaintiff suffered by reason of his expulsion with a strong hand from the leasehold, and should have been allowed, at any rate, to take the judgment of the jury upon the first and second counts as to the conversion and value of the personal property; that, at least, he was entitled to recover the full value of the goods under the authority of *Thayer v. Sherlock,* 4 Mich. 176, 177.

As to the damages for the expulsion, the only damage proved was nominal, and the plaintiff got such damage trebled.

He was not entitled to charge the defendant with the full value of the goods under his own showing.     It is plain that he could have taken the goods, and that no one was detaining them from him, or exercising any authority or dominion over them.     There was undoubtedly a trespass in handling them, and piling them up in the back end of the room, but the plaintiff received treble damages for all the injury he could prove there was done to them by such handling, and there was certainly no such trespass in this act as would constitute a conversion.

The case of *Gibbons v. Farwell,* 63 Mich. 344 (29 N. W. Rep. 855), is relied upon to sustain the claim of

plaintiff that the act of the defendant, in handling and meddling with the goods, constituted a conversion as a matter of law. An examination of that case will readily disclose that the facts in relation to the interference with the property in that case are materially different from the one at bar. In *Gibbons v. Farwell* the property was delivered to a third party, and also to one claiming title adverse to Gibbons. By this action the goods were lost to the plaintiff in that case. Here the right of the plaintiff to the personal property was never denied, and it was his own fault that he did not regain his goods. They were simply moved from one place in the building to another as a necessary act in the taking of possession by defendant of the building. To call this a conversion, because defendant had no right to so move them, when the possession of or title to them in the plaintiff was never questioned, and they were neither lost nor destroyed by such moving, would not only be unjust, but such a holding would find no support in the law.

It seems therefore that the plaintiff obtained as large a judgment as he possibly could have recovered, under the law and the evidence, if he had been permitted to go to the jury upon all three of the counts in his declaration. It is therefore unnecessary to examine the question whether or not the court erred in compelling an election of counts by the plaintiff.

The action of the plaintiff has not been commendable. He could probably, had he been so disposed, saved himself from any trouble or damage by giving the key of the shop to defendant when he requested it, as he had removed from it, and did not want it for use. He testified that he did not move all his things Friday and Saturday because he did not have time. After the defendant took possession of the shop he could have obtained his goods without suit, and no doubt amicably settled for the

breakage and trifling damage he had sustained. But he was disposed to be unaccommodating and litigious, and to commence an unnecessary suit, as it seems to us, to right a technical wrong, and must abide the consequences of his desire to have a lawsuit.

The judgment will be affirmed, with costs.

CHAMPLIN and CAMPBELL, JJ., concurred.

SHERWOOD, C. J., and LONG, J., did not sit.