[No. 12197.   Department Two.   January 8, 1915.]

C. W. BICKFORD, *Respondent*, v. FRED R. HUPP, *Appellant*.[1]

TROVER AND CONVERSION—CONSTRUCTIVE POSSESSION OF DEFENDANT. Where goods of plaintiff and defendant were stored together in a warehouse, a subsequent sale by the defendant of the goods of both parties to a third person, and removal by the latter, was a conversion, as the sale by defendant constituted a constructive possession and assumption of ownership on his part.

COMPROMISE AND SETTLEMENT—EVIDENCE—QUESTION FOR JURY. In an action to recover the value of certain goods alleged as converted by defendant to his own use, in which the defendant set up a compromise and settlement, a question for the jury was presented where defendant claimed the settlement covered payment for the goods and plaintiff testified that the money paid him by defendant was merely for the contract price of certain construction work and that the goods were not taken into consideration in the settlement.

APPEAL—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE. Error in not striking a deposition of a witness showing a sale of plaintiff's goods by defendant was harmless, where such sale was conceded on the trial by defendant.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered January 28, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for conversion.   Affirmed.

*Peacock & Ludden*, for appellant.

*Alex M. Winston*, for respondent.

MOUNT, J.—This action was brought by the plaintiff to recover the value of certain goods alleged to have been converted by the defendant.   The answer of the defendant consisted of a general denial; and also an affirmative defense to the effect that, prior to the date the property was alleged to have been sold by the defendant, a settlement was had between the plaintiff and the defendant; that the defendant had paid the plaintiff a certain sum of money in satisfaction

[1]Reported in 145 Pac. 454.

of all claims and demands. Upon these issues the case was tried to the court and a jury. A verdict was returned in favor of the plaintiff. The defendant has appealed.

At the close of the plaintiff's evidence the defendant moved the court for a nonsuit on the grounds, first, that the evidence failed to show a conversion, and second, that the evidence of the plaintiff showed a final settlement. Upon the trial of the case, the plaintiff testified in substance, that he was the owner of the goods alleged in his complaint to have been converted by the defendant; that he had stored these goods at a warehouse in Copperfield, Oregon, with certain goods of the defendant; that thereafter the defendant, without the knowledge of the plaintiff, sold the goods in the warehouse to a firm known as Bates & Rogers Construction Co.; that this company had afterwards moved the goods away. The plaintiff also testified as to the value of the goods. He also testified that, at a certain time after the storing of the goods and before he knew of the sale thereof, he had made a settlement with the defendant for the amount due him for certain contract work which he had performed for the defendant. He also testified that, at the time of this settlement, the property stored in the warehouse at Copperfield was not considered and did not form a part of the settlement for moneys due under the contract.

It is contended by the appellant that there could be no conversion of the goods under this statement of facts; and that the rule is that the defendant could not be charged with conversion of goods unless he had actual or constructive possession of them at the time of the alleged conversion. If this is the rule, we are satisfied that, under the evidence, the defendant, at the time he sold the goods, assumed constructive possession. If the goods belonged to the plaintiff and were stored by him in a warehouse, and afterwards were sold by the defendant to a third person, who removed them, this was clearly a conversion. In the case of *Ramsby v. Beezley*, 11 Ore. 49, 8 Pac. 288, that court says:

"Of the different ways by which a conversion of personal property may be effected, one is, where a party sells the property of another without his authority or consent. Such sale is the assumption of ownership, of dominion over, or right to control the property, inconsistent with, and in denial of the rights of the true owner. Hence it is said, 'Every assuming by one to dispose of the goods of another is a conversion.' (Trover, Bacon's Abridg. 631.) Or 'the assumption of authority over property, and actual sale, constitutes a conversion.' (*Gillman v. Hill*, 36 N. H. 324.) No actual force need be used, (*Gibbs v. Chase*, 10 Mass. 128,) nor any manual taking or removal of the property, (*Reynolds v. Shuler*, 5 Cow. 326; *Connah v. Hale*, 25 Wend. 465,) nor proof that the defendant had actual possession of the property, (*Farnell v. Chase*, 37 Maine 290,) for, in the language of Shepley, C. J.: 'The exercise of such a claim of right, or dominion over the property as assumes that he is entitled to the possession, or to deprive the other party of it, is a conversion.' "

We are satisfied, therefore, that if the plaintiff's evidence is to be believed, there was a conversion.

It is also argued that there was a settlement between the parties. It is no doubt true, if this settlement took into consideration these goods, that the plaintiff is not entitled to recover. But, if his statement is true that these goods were not taken into consideration, but that the settlement was only for the contract price of certain construction work, then he is entitled to recover, if the defendant sold his goods and delivered them to a third party. These were both questions for the jury under the evidence in the case.

It is also claimed by the appellant that the court erred in not striking a certain deposition. There was no prejudicial error in this, because it was conceded, as we understand the record, that the goods for which the plaintiff was allowed to recover were sold by the defendant. The testimony of this witness related only to that subject.

Several assignments of error are made upon the instructions. But these are apparently not relied upon. The court

very clearly, fairly, and fully instructed the jury with reference to the law of the case. We think it is unnecessary to review these instructions. We find no error in the record.

The judgment is affirmed.

CROW, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.