[No. 12517. Department One. August 12, 1915.]

## C. B. SEIDELL et al., Respondents, v. E. W. R. TAYLOR et al., Appellants.[1]

PARTNERSHIP—ACTIONS BY PARTNERS—TORTS—INJURY TO BUSINESS—COMPLAINT—SUFFICIENCY. A complaint on behalf of a partnership conducting a bakery business, alleging an assault upon the two members of the firm, in their place of business, in the nature of a public brawl, resulting in injury to the partnership business through the loss of reputation and the entire patronage of the business, states a cause of action entitling the partnership to relief, rather than a right of action personal to each member assaulted.

ACTIONS—MISJOINDER OF CAUSES — COMPLAINT — BY PARTNERS—ELECTION. Where an assault upon two members of a partnership in their place of business was in the nature of a public brawl, incapacitating the members of the firm from conducting the business and resulting in injury thereto through the entire loss of patronage, a complaint seeking no damage except that resulting in damage to the business of the firm does not state two causes of action because of alleging the personal assault upon the members; and but one cause being alleged, there was no necessity of an election.

PARTNERSHIP—ACTIONS BY PARTNERS—TORTS—LOSS OF GOOD WILL—EVIDENCE OF VALUE. In an action for the loss of the good will of a partnership business through an assault upon the members of the firm amounting to a public brawl upon the premises and resulting in entire loss of patronage, the value of the good will is sufficiently established by evidence showing, in considerable detail, the manner of carrying on the business, and its receipts, expenses, and profits for some time prior to the assault; especially as damages from a wilful, malicious tort need not be measured with any degree of nicety.

Appeal from a judgment of the superior court for Benton county, Holcomb, J., entered May 11, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages. Affirmed.

*Linn & Boyle* for appellants.

*McGregor & Fristoe,* for respondents.

[1]Reported in 151 Pac. 41.

PARKER, J.—This is an action for damages, claimed as the result of the defendants' wrongful act causing the loss of the plaintiffs' business to them. The trial in the superior court resulted in verdict and judgment in favor of the plaintiffs for the sum of $750, from which the defendants have appealed.

The nature and ground of respondents' claim is set forth in their complaint, after alleging their partnership, as follows:

"That on or about the first day of December, 1912, the plaintiffs herein leased from the defendants a sales room, bake room and bake oven and purchased the equipment and business of the 'Quality Bakery' then being conducted in said rooms in Prosser, Washington, and thereafter until the 31st day of August, 1913, personally conducted a general bakery business at said place.

"That with careful personal management and diligent labor, plaintiffs steadily increased said business after entering upon the same until on the said 31st day of August, 1913, they had an established business worth the sum of two thousand dollars.

"That on the aforesaid 31st day of August, 1913, the defendants entered the plaintiffs' said place of business, and the defendant E. W. R. Taylor aided and assisted by the defendant May Taylor, viciously assaulted the plaintiffs and each of them and did strike, beat, bruise, maltreat and injure each of said plaintiffs with a heavy iron instrument thereby rendering them both unable to carry on or conduct said business or serve their customers with goods thereafter; that when said assault was committed as aforesaid the defendants thereby created in said place a public brawl and a bloody fight which attracted the attention of great numbers of people, and thereupon said place became known as the place where said fight occurred, and because thereof plaintiffs' customers and the people of Prosser and vicinity generally avoided said place of business so that it became impossible to conduct a bakery business successfully on said premises.

"That by reason of plaintiffs' injuries aforesaid the plaintiffs were unable to serve their customers, and by reason of

their said place of business becoming marked as aforesaid, as the place where said assault and fight occurred, plaintiffs immediately lost their entire patronage and their business thereby became ruined, all to their loss and damage in the sum of $2,000."

It is first contended by counsel for appellants that this complaint does not state facts constituting a cause of action. The argument seems to be that, since it is an action seeking recovery of damage caused to the partnership, such damage cannot result from a mere assault upon the members of the partnership, but that the only cause of action resulting therefrom, if any, is personal to each member assaulted. We think, however, that, in view of the nature and place of the assault as alleged, it being in the nature of a public brawl in the place of business of the partnership and resulting in injury to the partnership business, the facts alleged do constitute a cause of action entitling the partnership to relief as such. We are of the opinion that the trial court did not err in overruling appellants' demurrer to the complaint.

It is also contended in appellants' behalf that the complaint, in any event, states two causes of action, and that the trial court erred in denying their motion to require respondents to elect as to which one they would proceed to trial upon. Counsel argues that:

"The plaintiffs' complaint is based upon two entirely different theories. One, trespass by force and arms, committed against the persons of plaintiffs in consequence of which they were incapacitated and rendered unable to wait on customers so that they lost their patronage. The other, the creation of a nuisance in plaintiffs' place of business which caused plaintiffs' customers to avoid said place so that plaintiffs lost their patronage."

It is plain from the allegations of the complaint that whatever damage resulted to respondents' business was caused by one act of appellants. It might be that, had the assault been made away from respondents' place of business, resulting in personal injury to one or both defendants, that their

damage would not be measurable as the damages here sought
are. But since the personal injury to respondents resulted
from an assault in their place of business, which assault was
in effect a public brawl causing damage to their business,
and respondents are seeking no damage except that result-
ing to their partnership business, we think, that, in so far
as the personal injury resulted in damage to their business
because of their inability to attend to it following the assault,
that element of damage does not constitute a cause of action
separate from such damage as may have been otherwise
caused, as alleged. Our decision in *Davies v. Rose-Marshall
Coal Co.*, 71 Wash. 560, 129 Pac. 98, lends support to this
view. That case involved different acts of concurring negli-
gence causing the one injury. We conclude that there is
only one cause of action. It follows that there was no election
to be made.

In the trial of the case, and in its instructions given to
the jury, the court, in effect, confined respondents' measure
of damage to loss of the good will of their business. It is
not claimed that they lost any tangible property. That the
good will was at the time of very substantial value and that
it was lost because of appellants' willful, wrongful act, as
alleged in their complaint, was abundantly proven by the evi-
dence. It is contended that the evidence wholly failed to show
the value of the good will. The evidence showed the man-
ner of carrying on the business, its receipts, expenses and
profits for some time prior to the assault, in considerable de-
tail. While the value of the good will cannot be measured
thereby with any great degree of exactness, we are to re-
member that it was caused by a malicious willful act of ap-
pellants, and that in such case damages need not be measured
with any degree of nicety, as said by Chief Justice Johnson
in *Burckhardt v. Burckhardt*, 42 Ohio St. 474, 499, 51 Am.
Rep. 842:

"Where there is fraud or other intentional wrong, there is
not the same strictness to exclude remote or uncertain dam-

ages, even though punitive damages are not involved.   We think the case at bar one of willful wrong, and that the language of Christancy, J., in *Allison v. Chandler*, 11 Mich. 552, is applicable.   He says: 'The nature of the case is such as the wrong-doer has chosen to make it; and upon every consideration of justice, he is the party who should be made to sustain all the risk of loss which may arise from the uncertainty pertaining to the nature of the case and the difficulty of accurately estimating the results of his own wrongful act.' "

We think that the case does not call for further discussion. The judgment is affirmed.

MORRIS, C. J., CHADWICK, MOUNT, and CROW, JJ., concur.