[No. 14338. Department Two. January 23, 1918.]

LULU E. RISDON *et al.*, *Respondents*, v. HOTEL SAVOY COMPANY, *Appellant.*[1]

LANDLORD AND TENANT—WRONGFUL EVICTION—DAMAGES RECOVERABLE. A tenant wrongfully evicted may not recover for humiliation and mental suffering, but is entitled to recover for lost profits.

SAME—WRONGFUL EVICTION—DAMAGES—LOSS OF GOOD WILL—EVIDENCE—ADMISSIBILITY. Where a tenant is entitled to recover for loss of good will by reason of an eviction, testimony in the nature of opinion evidence as to the value of the good will is admissible.

APPEAL—REVIEW—DISCRETION — NEW TRIAL — NEWLY DISCOVERED EVIDENCE. The denial of a new trial for newly discovered evidence tending to contradict the evidence at the trial and cumulative is discretionary and will not be disturbed except for abuse.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 6, 1917, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Affirmed.

*Wm. A. Greene* (*Walter S. Fulton*, of counsel), for appellant.

*Martin Korstad* and *W. H. Thompson*, for respondents.

HOLCOMB, J.—Respondents sued to recover damages for wrongful eviction from premises occupied by them as tenants of appellant. They alleged loss of $77.95 for flowers, vases, boxes and fixtures injured, lost or destroyed; $25 for one-half month unearned rent; loss of customers and business profits in the sum of $950; and $1,000 as damages on account of humiliation, mental suffering and loss of good will of the established business. All evidence of damages on account of humiliation and mental suffering was properly excluded by the trial court. The jury awarded damages in the sum of $1,552.95, which a simple calculation shows was

[1]Reported in 170 Pac. 146.

based upon the allowance in full of the first three items and $500 for loss of good will.

The issue as to the time when the tenancy could have been lawfully terminated, April 15, 1912, and the wrongful eviction on March 1, 1912, was clearly defined and resolved in favor of respondents upon conflicting evidence.

The evidence was definite and competent to justify the award as to the first three items mentioned, and although the award as to lost profits was extreme, it was justifiable under the evidence and the law. 24 Cyc. 1135; 8 Am. & Eng. Ency. Law (2d ed.), pp. 625, 626. Nor can we, in the face of the evidence and the verdict, say that it was excessive.

As to the recovery of the value of the lost good will, a somewhat more debatable question is presented. No exception was taken to the instruction of the court that such damage might be allowed if the jury found that respondents were unlawfully evicted by appellant as of the date of such unlawful eviction; but objection and exception were made to the allowance by the trial court of the testimony of the witness Miss Risdon, one of respondents, in answer to the question: "About what would the six months' work in building up a business be worth in dollars and cents?" But that question and its answer were not permitted to, and did not, stand alone. It was evident the witness had answered questions under the impression that she was asked as to the amount and value of the prospective profits lost. She was subsequently asked: "I mean, would you have been able to get more for it by reason of its being a going concern?" which she answered in the affirmative. She was then asked what that value of good will was on April 15, 1912, and answered it would be the value of building up such a business and would require at least six months' work, and be worth about $1,700 or $1,800. The other respondent corroborated this testimony to the extent of valuing the good will at $1,500. If the value of the good will was legally measurable and recoverable, this testimony was competent, although of the na-

ture of opinion evidence, as is testimony as to value generally. Its weight and credibility were for the jury. The evidence also shows the manner of conducting the business, its receipts, expenses and profits for some time prior to the eviction. Our case of *Seidell v. Taylor*, 86 Wash. 645, 151 Pac. 41, is therefore in point as to the competency and sufficiency of the evidence and the right to recover the value of good will lost through the wrongful act of another.

The error claimed upon this point not being valid, the general question as to the correctness of the court's instruction not being raised, and it being thus made the law of the case, there need be no further discussion of the propriety of the recovery of loss of good will.

Some other contentions urged by appellant upon the exclusion of questions to certain witnesses for appellant have been examined and found wanting in merit.

A motion for new trial, based largely upon affidavits of newly discovered evidence tending to contradict the evidence of respondents at the trial, cumulative, and also controverted entirely by affidavits opposed thereto, was accordingly denied by the trial court. We have repeatedly, emphatically and consistently held that we will not, in such cases, interfere with the trial court in the exercise of his legal discretion.

Although the recovery was extremely full and ample, we cannot, for that reason alone, find that it was excessive.

We can find no error justifying reversal. Affirmed.

ELLIS, C. J., and CHADWICK, J., concur.