[No. 14788. Department Two. November 6, 1918.]

KOSTAS PAPPAS, *Respondent*, v. GENERAL MARKET COMPANY, *Appellant*.[1]

TROVER AND CONVERSION (13)—DEFENSES—RESTORATION OR TENDER —TENDER OF PROPERTY. A mere direction to the owner of property to remove it from defendant's place of business where it was stored is not a tender that would absolve the wrong, and there was a conversion, where defendant afterwards sold and delivered the property to a third person, on account of plaintiff's failure to comply with the demand for removal.

FRAUDS, STATUTE OF (11)—LEASES—MORE THAN ONE YEAR. A lease for one year, although executed within the month prior to its taking effect, is not a lease for more than one year, within Rem. Code, § 8802, requiring such leases to be acknowledged.

LANDLORD AND TENANT (87) — EVICTION — ACTS CONSTITUTING — AGREEMENTS. A market stall tenant cannot recover for eviction, if, being unable to pay rent, he agreed to move into a cheaper stall prepared for him, and refused to vacate on notice to quit.

Appeal from an order of the superior court for King county, Frater, J., entered November 21, 1917, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff by direction of the court, in an action in tort. Affirmed.

[1]Reported in 176 Pac. 25.

*Tucker & Hyland,* for appellant.
*Ryan & Desmond,* for respondent.

CHADWICK, J.—This action was brought to recover damages for the unlawful eviction of respondent from a stall, known as stall No. 106, in the Westlake Public Market, in the city of Seattle.

Respondent held under a lease executed on the 12th day of October, 1916, for a term of one year commencing November 1, 1916. The lease was not witnessed or acknowledged. In April, 1917, appellant gave notice to quit, which being ignored by respondent, it removed his goods, fixtures, cash register and scales and stored them in another part of the building. It then notified respondent "to remove at once the fruit and other goods belonging to you, which we have in storage. If you fail to remove these goods by 6 p. m. on May 8, 1917, it will become necessary for us to dispose of the perishable fruit and produce, and if not removed we will sell to the best advantage during the forenoon of May 9th, all perishable goods belonging to you held in storage in our building." Respondent did not remove the goods, and appellant thereafter sold the perishable stock for $85. Respondent then brought this action for the value of the stock, which is alleged to have been $300; for the loss of prospective profits for the unexpired term, which are alleged to be $1,225; for $65, being rent prepaid for the last month of the term, and for $42.50, alleged to have been collected by appellant on c. o. d. deliveries made by it through its delivery system and unaccounted for. The items, fixtures, cash register, scales and nonperishable stock were eliminated on the trial by agreement of the parties. Appellant denied all damages claimed as prospective profits, denied that the stock was of greater value than $85, and made

tender of the $85, the $65 rent prepaid, and $35.05 which it admitted that it had collected on c. o. d. deliveries. The case went to trial with a jury. At the close of the case, the court instructed the jury to return a verdict in favor of respondent for the amount tendered. The court granted a motion for a new trial, and this appeal follows.

The trial judge so ruled on the trial because he was convinced that there had been no conversion in law of the goods and that the testimony concerning profits was remote and speculative.

We are informed that the motion for a new trial was general (it is not a part of the transcript), and we find that the order granting the motion is general in terms. Counsel concede that, under such circumstances, this court will not ordinarily review an order granting a motion for a new trial, but contend that the order cannot be sustained for the reason that, the nonperishable property having been accepted at the trial, there is no evidence on which to base a judgment other than for the amount of the tender. This contention presupposes that there was no conversion in law, and that the testimony as to profits would not sustain a verdict.

Counsel maintain that there was no conversion of the goods because respondent refused to accept them although tendered. But manifestly the direction to respondent to remove his goods from the place of storage, appellant's place of business, was not a tender; granting, but without deciding, that a conversion can be so excused by a tender as to absolve the wrong to the extent that no incidental or consequential or even nominal damages may be recovered. 38 Cyc. 2102. A tender demands the actual production of the thing to be paid or delivered and a present delivery if accepted. No cases have been cited, and we

doubt that there are any, which hold that an invitation to come and get property which has been converted is sufficient to satisfy the law of tender. This is the distinguishing point in the case of *Browder v. Phinney,* 37 Wash. 70, 79 Pac. 598, which is relied on by appellant. We think, too, that the case of *Mattice v. Brinkman,* 74 Mich. 705, 42 N. W. 172, may be distinguished. In that case the goods were retained by the defendant and were subject to the call of the plaintiff; while here, as in *Gibbons v. Farwell,* 63 Mich. 344, 29 N. W. 855, 6 Am. St. 301, which is there distinguished, the defendant delivered the goods to a third party so that the goods were lost to the plaintiff. If the goods had been retained in this case and the suit of respondent had been met by a disclaimer of property and tender to return, a different case would be presented. As it is, there was a conversion (*Bickford v. Hupp,* 83 Wash. 427, 145 Pac. 454), and the value of the property sold is a material issue.

Whether the testimony is sufficient to sustain a verdict for lost profits we do not now decide. It is not entirely satisfactory, but we may not anticipate the testimony on a retrial. Among our own cases bearing upon this subject and which should be considered, keeping in mind that no very certain rule can be laid down—for the rule, as well as its exceptions, depends upon the facts of each particular case—are: *Andreopulos v. Peresteredes,* 95 Wash. 282, 163 Pac. 770; *Matzger v. Arcade Building & Realty Co.,* 102 Wash. 423, 173 Pac. 47; *Risdon v. Hotel Savoy Co.,* 99 Wash. 616, 170 Pac. 146; *Seidell v. Taylor,* 86 Wash. 645, 151 Pac. 41; *Webster v. Beau,* 77 Wash. 444, 137 Pac. 1013, 51 L. R. A. (N. S.) 81.

Appellant contends that the lease is one for a term of more than one year, and being unacknowledged is, therefore, evidence of a tenancy of no more than from

month to month. The lease, by its terms, is a lease for one year and no more. The fact that it was executed within the month prior to its taking effect would not affect the term. It is the term, and not the time of the execution of the lease, of which the statute, Rem. Code, § 8802, takes account.

Appellant, however, sets up as a defense that, respondent being unable to pay the rent agreed upon, the parties mutually agreed that appellant should prepare a stall at a lower rent and that respondent would move into it; that it performed its part of the contract; that respondent refused to vacate when called upon to do so; that it then gave notice to quit, which being ignored, it moved respondent's stock into the new stall; that respondent moved the stock back, whereupon it did the things charged against it. Respondent makes denial of any such agreements. Whether he did so agree is a question of fact. If he made such agreement he must be bound by it, and if the jury should so find, the court will direct it to allow nothing for profits lost by reason of his eviction from stall 106.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, MOUNT, and MACKINTOSH, JJ., concur.