ALEXANDER H. WALLER, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 19, 1894.

1. **Trial Practice**: CONFLICTING INSTRUCTIONS: INVITED ERROR. While the instructions in this case are conflicting, and one asked by and given for the defendant is erroneous for want of evidence to support it, and in telling the jury that the existence and nonexistence of the alleged obstruction comprised the whole case and shut out the *gravamen* of the plaintiff's complaint, the appellant can not complain, as it invited the error.

2. **Negligence**: CONCURRENT CAUSES. Where there are two efficient approximate causes contributing to the injury, the party, who by his negligent act brought about one or both of those causes, is liable for the injurious consequences, and an instruction is not faulty for authorizing a recovery for one of the negligent acts stated in the petition.

3. ————: APPROXIMATE CAUSE. In determining the approximate cause, the true rule is, the injury must be the natural and probable consequence of the negligence, such as under the circumstances might and ought to have been foreseen by the wrong doer as likely to flow from his act.

4. **Passenger Carriers**: DEPOT PLATFORM: INSTRUCTION. An instruction submitting the question whether the accident in question occurred on the passenger platform is not error where there is evidence tending to show that the platform in question was not intended for use of passengers, and other evidence abundantly showing that it was a passenger platform in front of the depot building used and apparently intended for the accommodation of people entering and departing from passenger trains.

5. ——: CONTRIBUTORY NEGLIGENCE: INSTRUCTION. An instruction for the plaintiff is not faulty in not specifically defining contributory negligence when the defendant is given an instruction which clearly advised the jury what conduct on plaintiff's part would constitute contributory negligence.

6. ——: DEPOT PLATFORM: ORIGINAL INTENTION: INSTRUCTION. Passengers will not be held to a knowledge of the original secret intentions in the construction of platforms at depots when such platforms are in actual use for the accommodation of passengers in entering and alighting from trains; and an instruction so stating is properly modified by submitting also to the jury the question whether such platform was necessary for passengers to use in going to and from the cars. *Gunderman v. Railroad*, 58 Mo. App. 370, *distinguished*.

7. ——: ——: ——: ——. Other objections to instructions considered and discussed.

8. ——: ——: LIGHTING. A railway company is bound to keep its stations and premises in proper repair and properly lighted, and to exercise proper care to furnish safe ingress and egress and to prevent injury to passengers who come upon them; and such duty continues for a reasonable time before and after the departure of its trains.

*Appeal from the Randolph Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

STATEMENT OF THE CASE BY GILL, J.

Plaintiff's counsel have prepared a very lucid statement, which, after a careful reading of the record, we find substantially correct; and which, with some additions, eliminations and corrections, we adopt.

This is an action to recover damages on account of personal injuries sustained by plaintiff at the town of Higbee, on defendant's railroad, December 22, 1891, by reason of defendant's negligence. The negligence averred in plaintiff's petition is as follows:

"That it was the duty of defendant to keep its said depot and passenger platform reasonably safe for the accommodation of passengers at said point, and to keep

said depot and passenger platform lighted at night and free from obstructions in order to secure the safety of passengers alighting from its said trains, or going to said depot for the purpose of taking passage on defendant's said trains. That on or about the twenty-second day of December, 1891, defendant, disregarding its duties in this respect, failed and neglected on the night of said day to light its said passenger platform, or to furnish any light therefor whatever; and, furthermore, negligently, at said time and place, placed, or permitted to be placed, and remain upon its said passenger platform, at a point where passengers were likely to be, an obstruction, to wit, a box, over which persons going to said depot to take passage on defendant's said trains were likely to fall and injure themselves; that on the night of said day plaintiff went to said depot or railway station of defendant's at said town of Higbee, in said county and state, to take passage on defendant's said passenger train, and that, by reason of defendant's said negligence in failing and neglecting to provide a light or lights for its said platform, and by reason of its said neglect in causing or permitting said obstruction, to wit, a box, to be and remain on said passenger platform, plaintiff, whilst on said passenger platform for the purpose of becoming a passenger on defendant's said train, in the darkness stumbled and fell over said box and sprained his wrist, etc., *    *    *    whereby he was damaged in the sum of twenty-five hundred dollars ($2,500), etc.''

Defendant, answering, admitted its incorporation, and that it was operating the road as alleged, and denied all other allegations in the petition, and, further, pleaded contributory negligence. The case was tried before a jury and resulted in a verdict and judgment for plaintiff of $1,000. Defendant appealed.

Plaintiff's evidence tended to establish the follow-

ing facts: That at the time of the injury complained of, December 22, 1891, the town of Higbee had a population of one thousand to one thousand, two hundred inhabitants, and was a railroad crossing. The Chicago & Alton railroad, an east and west road, and the Missouri, Kansas & Texas railroad, a north and south road, crossed each other at Higbee. Both roads had passenger depots, some distance apart, and there was considerable passenger business at defendant's said passenger depot. The depot building of defendant at Higbee consisted of a waiting room sixteen or eighteen feet wide in the south end, an office in the middle, and a baggage room and freight room occupying the north end of said building. The entire length thereof fronting the railroad track on the west was about sixty-five or seventy feet.

At the time of the injury to plaintiff there was a platform on all sides of said depot building. The platform on the west side, or passenger platform was about one hundred and sixty or one hundred and seventy feet long, extending some distance both north and south of the building, about fifty feet either way. This platform was about a foot or a foot and a half higher than the rail of the main track so as to accommodate passengers in getting on and off trains, and was one continuous platform for its entire length along the edge of the track, like ordinary platforms in front of depots. Plaintiff's evidence tended to prove that at and prior to December 22, 1891, north-bound passenger trains were ordinarily stopped to discharge and receive passengers at any point from the extreme south end of the platform up to and beyond the south end of the depot, and it required the whole platform to accommodate defendant's business. But there was testimony introduced by defendant tending to show that trains ordinarily stopped immediately in front of the depot

building and that the extensions to the north and south ends were intended and used simply for handling freight, baggage and express matter. The waiting room was reached from the passenger platform by a flight of three or four steps and just north of these steps and opening into the office was a bay window, jutting out west a foot or eighteen inches beyond the west wall of the building. The window sill of said bay window was about five feet above the depot platform.

Plaintiff on said twenty-second day of December, 1891, was at Higbee on legal business and designed returning to his home in Moberly on the night passenger train. Hearing a train approaching from the south on defendant's road and believing it to be the said passenger train, he and Frank P. Wiley, another attorney residing in Moberly, went to defendant's depot for the purpose of taking passage on defendant's passenger train. They went upon the platform by the means provided by defendant, viz; a flight of steps at the southeast corner of the building, and from thence along the platform on the south side of the said buiding on to the passenger platform and thence to the south side of the bay window. Here plaintiff looked at his watch in the light afforded by the bay window and found that it yet lacked nearly or about half hour of the time when the passenger train was due, if his watch was correct. Not being satisfied on this point and in doubt as to whether or not it was the passenger train that was approaching, the two turned and walked south ten or twelve feet beyond the corner of the building, at which point plaintiff stumbled and fell over a box that had been placed on the platform and shoved out so as to obstruct the same.

At the time plaintiff so stumbled and fell over said box, the night was dark, one witness, having reason to remember, stating that "it was a dark, gloomy night

with no stars shining at all." There were no lights on the outside or about the building that lighted this platform, nor according to plaintiff's evidence did it receive any light from any source. The approaching freight train was too far away to furnish any light from its engine.

The box over which plaintiff stumbled and fell was a flat box two or two and one-half feet long, probably a beer box, and it and the platform, according to plaintiff's testimony, both being of wood and about the same color, it could not be distinguished or seen on the platform in the darkness at the time plaintiff was injured, unless for some reason attention was particularly directed to it, and plaintiff did not see it until after he fell. At that time and ten or twelve feet south of the corner of the depot there was a telegraph pole standing close up in the angle formed by the platform extending along the south side of the depot and the passenger platform, and it was very near this telegraph pole and the juncture of said platform that said box was placed and plaintiff fell.

By reason of the fall on the platform, both of plaintiff's wrists were injured, the right one being severely sprained and rendered almost useless for several months. The medical experts seemed to regard the injuries as almost necessarily permanent in their character.

At plaintiff's instance the court gave two instructions numbered 1 and 2 as follows.

"1. If the jury believe and find from the evidence that the night of December 22, 1891, was a dark night and that it was necessary that defendant's passenger platform at Higbee station, in Randolph county, Missouri, be reasonably well lighted in order to render the same ordinarily safe for persons there at said time, for the purpose of becoming passengers on defendant's

trains, and that defendant at said time negligently and carelessly failed and omitted to provide any light for said platform, and that plaintiff while there on said platform at said time, for the purpose of becoming a passenger on one of defendant's trains, in direct consequence of such failure and omission on defendant's part to provide light for said platfom (if the jury find there was such failure and omission on the part of the defendant), and without negligence on his part contributing thereto,—stumbled and fell over a box so placed on said platform as to create an obstruction thereon and received the injuries complained of in his petition, and that had said platform been reasonably well lighted at said time said fall and injury would have been averted, then the jury should find for the plaintiff.

"2. If the jury find for the plaintiff, then, in estimating his damages, they may take into consideration, all of the mental and physical pain and anguish already suffered by him, and also all future mental and physical pain and anguish, if any, resulting to him from said injury, and if they further find that his injuries are permanent in their character and effect, and that they will in the future impair his ability to work, they shall take these facts into consideration, and should consider and estimate the pecuniary loss that will thereby result to him, if any, during his life, and the jury should assess plaintiff's damages at such sum as in their judgment will compensate him for his said losses and suffering, both past and future, that have resulted, or will result, to him by reason of his said injuries, not exceeding the sum of $2,500, the amount claimed in plaintiff's petition.

At defendant's instance the court gave its instructions numbered 2, 3, and 10, as follows:

"2. The court instructs the jury that to entitle the plaintiff to recover in this case it devolves on him to

establish to your satisfaction, by the evidence in the case, that he was injured by falling over some object or obstruction on the railroad platform of defendant at Higbee station, and that such fall occurred at a place on said platform which was provided by defendant for the accommodation of passengers in going to or from defendant's trains, and that said obstruction was put in said place by some agent or employee of defendant, or if put in place by some third person, then that the same had been in said place a sufficient length of time to have been discovered by defendant's agents, in the exercise of ordinary care in such case, and also that defendant's agents acting as reasonable persons would have acted under the circumstances, ought to have foreseen that such an accident might have happened in consequence of such object or obstruction being in said place on said platform.

"3.    The duty of defendant toward its passengers does not amount to a warranty of the safe condiiton of its platforms or the approaches to its depots, and as to such places defendant is only required to exercise the same reasonable degree of care that would be exercised by any reasonably careful person who invited others to come upon his premises for the transaction of business."

"10.    The defendant is not chargable with negligence on account of the box in question being on the platform, unless the plaintiff has shown by the evidence that some employee of defendant placed the same in said position, or that it had been placed there by some third person with the knowledge of some of defendant's servants, or under such circumstances or at such time that such employees in the exercise of ordinary care would have known of the same being there."

The court refused instructions numbered 4, 6, 9 and 11 asked by the defendant and of its own motion

amended defendant's said instructions and gave them as amended as follows:

"4.   The defendant is required by law to transport on its trains not only passengers, but also freight, baggage, express and mail matter, and it is authorized to make convenient arrangements for the handling of its different kinds of business, and if you find from the evidence, that at the time plaintiff fell at Higbee station, Missouri, defendant had provided sufficient depot buildings for the passenger business at said point, with safe and convenient approaches thereto for the use of passengers in passing between said depot and the said town and had also constructed other places and means for handling its freight, baggage, express and mail business, and that the point where plaintiff claims to have been injured was at said other place so provided for defendant's baggage, express and mail business, then at such point defendant was not required to furnish or equip its platform with reference to the presence or safety of passengers, and it was not negligent to have permitted the box over which plaintiff fell to remain at said point, nor to omit to provide light for said part of defendant's platform, and under such circumstances your finding must be for defendant, *unless the jury find that it was necessary for passengers to pass over that part of the platform set apart for freight in getting on and off the cars, or unless such platforms were so constructed and used as to indicate to passengers the purposes for which they were intended to be used.*"

"6.   If you believe from the evidence that there was sufficient light to have enabled a person of ordinary care to have discovered and avoided the box over which plaintiff fell and that notwithstanding plaintiff failed to *exercise such care* and discover said box and walked upon or to the same and in consequence fell, then he was guilty of contributory negligence, which precludes

a recovery and your verdict must be for the defendant."

"9.   If you find from the evidence that the place where plaintiff fell was on a platform provided for the transaction of baggage, express and mail business, and not on the portion of the platform or approaches provided for passengers, then at such places the defendant did not owe the plaintiff any duty to keep said place free from obstructions, such as that over which plaintiff fell and it was not negligence to have permitted said object to remain at said place at the time in question, *unless the jury find that it was necessary for the passengers to use that part of the platform in getting on and off the cars, or that it was used by passengers without objection on the part of the employees of the defendant.*"

"11.   If you believe from the evidence that the plaintiff was walking south to board a freight train, *which did not carry passengers*, then he can not complain in this case of any omission of defendant in regard to the lighting of or obstruction upon the platform at which defendant's passenger trains stopped, unless plaintiff has shown by the evidence that he was induced by defendant's employees to believe that the freight train would receive him at such place."

The amendments made by the court are in italics.

Defendant's refused instructions numbered 1, 5, 7, and 8, as follows:

"1.   The court instructs the jury that under the pleadings and the evidence in this case the verdict must be for the defendant."

"5.   If you believe from the evidence that the night in question was dark, and that a person of ordinary prudence and care could not have discovered an obstruction upon the platform in question, and that notwithstanding such inability to do so, the plaintiff walked along on said platform without looking to see

if there were any obstructions on the platform, when a careful person would have done so, then plaintiff was guilty of contributory negligence which prevents his recovering, and your verdict must be for the defendant.''

''7. The ground upon which plaintiff must recover, if at all, is the alleged negligence of defendant in permitting the box over which plaintiff fell to be upon the platform at the time and place in question, without sufficient light at said place, unless, however, you find from the evidence that a person of ordinary care and forethought would, under the circumstances detailed in evidence, have anticipated the falling of some person over said box, then it was not negligence to have permitted the same to have been at said place at said time, and your verdict should be for the defendant.''

''8. If you find from the evidence that the place where plaintiff fell was on a platform provided for the transaction of baggage, express and mail business, and not upon the portion of the platform and approaches provided for passengers, then, at such point, the defendant did not owe plaintiff any duty to keep the same lighted, and it was not negligence to omit to do so.''

*Jackson & Montgomery* for appellant.

(1) The court erred in giving plaintiff's first instruction, because: *First.* It authorized a recovery on account of the failure to light the passenger platform, while the petition charged the injury to be due also to an obstruction on the platform. *Second.* The failure to light the passenger platform was not the proximate cause of plaintiff's falling. *Third.* The accident did not occur on the passenger platform. *Fourth.* The instruction left the jury to determine what would constitute contributory negligence without any direction

from the court.    (2) Plaintiff's second instruction was erroneous, because it did not leave the jury free to estimate the damages, but was mandatory in that it required the jury to consider certain elements of damages without any discretion on the part of the jury. (3) The instructions as given by the court were contradictory, conflicting and misleading.    (4) The court erred in refusing and in amending the defendant's fourth, sixth, ninth and eleventh ones as it did.    *First.* Instructions number 4 and number 9 (court's numbers 1 and 3) were correct as asked by defendant. *Railroad v. Coleman*, 28 Mich. 440; *Railroad v. Cavenesse*, 48 Ark. 106; s. c., 2 S. W. Rep. 505; *Graham v. Railroad*, 39 Fed. Rep. 596; *Sturgis v. Railroad*, 72 Mich. 619, s. c., 40 N. W. Rep. 914; *Zoebisch v. Tarbell*, 10 Allen, 385; *Comly v. Railroad*, Pa. St; s. c., 12 Atl. Rep. 496; *Drake v. Railroad*, 137 Pa. St; 352; s. c., 20 Atl. Rep. 994; *Bancroft v. Railroad*, 97 Mass. 278; *Eckerd v. Railroad*, 70 Iowa, 353; s. c., 30 N. W. Rep. 615; *Gunderman v. Railroad*, 58 Mo. App. 370. *Second.* The amendments to these two instructions were wrong because there was no evidence to justify them, and because they nullified the former parts of the instructions which were correct.    (5) The court erred in refusing defendant's instructions 1, 5, 7 and 8. *Buesching v. Gaslight Co.*, 73 Mo. 232; Hutchinson on Carriers, secs. 521, 548, 552; Ray's Neg. of Imp. Duties, sec. 15, pp. 135 to 141; *Putman v. Railroad*, 55 N. Y. 108; *Deyo v. Railroad,* 34 N. Y. 12; *Railroad v. Hinds*, 53 Pa. St. 512.    (6) The peremptory instruction number 1, should have been given.    *First.* There was no proof of any negligence on defendant's part. *Second.* The evidence showed that plaintiff was guilty of contributory negligence.    *Third.* The plaintiff was not justified in going upon any platform to take a freight train, and should not have gone upon the bag-

gage platform to board a passenger train, and had no right to expect any platform to be lighted so long in advance of train time. *Fourth.* The failure to light the passenger platform was not the proximate cause of plaintiff's injury. The placing of the box upon the platform was an intervening act which operated as an independent cause, and there was no proof from which to charge defendant with any liability on account of that obstruction. 2 Thompson on Neg., 1089; *Brown v. Railroad*, 20 Mo. App. 222; *Stoneman v. Railroad*, 58 Mo. 503; *Moberly v. Railroad*, 17 Mo. App. 518; Wharton on Neg., secs. 134, 138; Cooley on Torts, 73; Sedgwick on Dam. [8 Ed.], secs. 126, 129; 16 Am. and Eng. Encyclopedia of Law, 432, 436; 19 Am. and Eng. Encyclopedia of Law, 301; *Wallace v. Railroad*, 74 Mo. 594; *Holman v. Railroad*, 62 Mo. 562; *Stepp v. Railroad*, 85 Mo. 229; *Mathiason v. Mayer*, 90 Mo. 585; *Christy v. Hughes*, 24 Mo. App. 275; *Clark v. Fairley*, 24 Mo. App. 429; *Hudson v. Railroad*, 32 Mo. App. 667; *Banks v. Railroad*, 40 Mo. App. 458.

*Martin & Terrill and Will A. Rothwell* for respondent.

(1) Plaintiff's first instruction correctly declares the law. The evidence conclusively shows that defendant was negligent in not providing some light for its passenger platform at and near the time the passenger train was due. The evidence failed to show that any of defendant's servants placed the box on the platform or had knowledge of its being there prior to the accident. Hence the court in said instruction number 1 limited plaintiff's right to recover to the ground of defendant's negligent failure to light its said passenger platform. 2 Wood's Railway Law [Ed. 1885], sec. 310, page 1163; *Sargent v. Railroad*, 114 Mo. 352;

*Beard v. Railroad*, 48 Vt. 101; s. c., 16 Am. R'y Rep. 375; *Railroad v. Chewning*, 9 S. Rep. (Ala.) 458. Defendant's negligent failure to light its platform was therefore the proximate cause or a proximate cause of the injury for which plaintiff is liable, whether defined the one way or the other. Anderson's Dictionary of the Law, page 156; *Ring v. Cohoes*, 77 N. Y. 83; *Banks v. Railroad*, 40 Mo. App. 463. Plaintiff's instruction number 1 required the jury to find that plaintiff was without negligence on his part contributing to the injury. This was sufficient. *Halliburton v. Railroad*, 58 Mo. 27. (2) Defendant's criticism of plaintiff's instruction number 2 is hypercritical and trivial. (3) The instructions as given were not contradictory or misleading. Conceding, however, that they were, defendant will not be heard to complain on this account. (4) The court did not err in refusing or amending defendant's instructions. *Harrington v. City of Sedalia*, 98 Mo. 589; *Holmes v. Braidwood*, 82 Mo. 610; *Price v. Town of Breckenridge*, 92 Mo. 387; *Guffey v. Railroad*, 53 Mo. App. 468; *Whitehead v. Railroad*, 99 Mo. 268. (5) The evidence shows that plaintiff went to the depot under the belief that the passenger train was approaching and did not fully discover his mistake until after he fell. It lacked only a half hour until train time. In the absence of any evidence of any regulation or usage to the contrary, the court could not, therefore, hold as a matter of law that a half hour was such unreasonable time under the circumstances as to transform a passenger, who anticipated his train by that length of time, into a passenger to whom no duty was owing. 2 Wood's Railway Law [Ed. 1885], sec. 310, page 1166; *McDonald v. Railroad*, 26 Iowa, 124.

GILL, J.—I. Defendant's counsel have, in a lengthy brief and argument of forty-four pages, urged

many reasons for a reversal of this judgment. To take these up and discuss them *seriatim* would extend this opinion beyond any reasonable limit. We shall notice the more material of these points. All the complaints relate to the court's action in giving, refusing and modifying instructions. At the close of the evidence, thirteen instructions were asked (two offered by plaintiff and eleven by defendant, and most of them, too, quite lengthy.) The court gave the two requested by plaintiff; gave also, without change, three of those asked by defendant; and besides gave four others for defendant, though modified in some particulars, as will be seen by reference to the statement.

The case may be thus generalized: Plaintiff, while about to become a passenger on one of defendant's trains at Higbee, and while passing over the depot platform, fell over a box and was injured. In his petition he charged, as the two causes of this injury: *First*, the negligent failure of the defendant to light up the platform where passengers were in the habit of entering and leaving the trains; and, *second*, that defendant carelessly deposited, or permitted to be deposited, the box or obstruction. Defendant met these allegations by a general denial coupled with a counter charge that the plaintiff was injured through and by means of his own negligence.

II. There was an absence of any testimony tending to show that any of the defendant's servants placed the box in the way of the passengers on the platform, or that they had any prior notice, actual or constructive, of its being there. Hence at the close of the evidence, the plaintiff offered, and the court gave, an instruction which limited the right of recovery to the alleged failure to light the platform. But, notwithstanding this absence of evidence tending to charge

the defendant with negligently placing the obstruction on the platform, the defendant asked, and the court gave instructions on that theory of the case, and, by these, left it to the jury to say whether or not that charge of negligence had been proved. And right here we may as well dispose of the point in defendant's brief that the court's instructions were conflicting and inharmonious.

There *was* an inconsistency; but it was induced by the conduct of defendant's counsel; was brought about by an erroneous instruction given at their request, and therefore defendant can not complain. Defendant's instruction numbered 2 was improperly given. By reference thereto it will be observed that the jury were, in effect, told that they should find for the defendant, *unless* the box or obstruction was placed on the platform by some agent or employee of the defendant, or that it had been there such a length of time as to imply notice to such servants of the defendant. This was error, and for two reasons: In the *first* place, as already said, there was no evidence on which to base such an instruction; and, in the *second* place, it was error to tell the jury that the mere existence or nonexistence of the alleged obstruction comprised the whole case. This instruction shut out entirely the charge of the failure to light up the passenger platform, which was, indeed, the *gravamen* of plaintiff's complaint.

III. The suggestion in defendant's brief, that plaintiff's first instruction was erroneous, *first*, because it authorized a recovery for defendant's failure to light the platform, while the petition charged the injury to be due also to an obstruction on the platform; *second*, that such failure to light was not the proximate cause of the accident; *third*, that the accident did not occur on the passenger platform; and, *fourth*, that it was

therein erroneously left to the jury to determine what would constitute contributory negligence, etc., are all without merit.

The case is grounded on two causes contributing to the injury; and it has been well said that, when several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or, any of these causes. *Ring v. City of Cohoes*, 77 N. Y. 83. There was here, according to plaintiff's evidence, two efficient, proximate causes, both contributing to the injury inflicted. The party, therefore, who by his or its negligent act, brought about one or both of these, is liable for the injurious consequences. As was said in *Banks v. Railroad*, 40 Mo. App. 464: "It matters not that other concurrent causes (not arising from plaintiff's fault) may cooperate in producing the damages, or in the aggravation thereof, the party originally moving and guilty of the negligent act which sets in motion the concurrent condition of things, is liable for the damages thus inflicted." And in further answer to the above objection (that the failure to light the platform was not the proximate cause of plaintiff's injury) we may quote here, as in the *Banks case*, from the supreme court of Pennsylvania: "In determining what is the proximate cause, the true rule is, that the injury must be the natural and probable consequence of the negligence; such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act." *Hoag v. Railroad*, 85 Pa. St. 292. It was known by the agents and servants of this defendant that baggage, freight and express matter was likely to be lodged on this platform, and unless the platform was lighted on dark nights, it might have reasonably

been anticipated that persons coming to take passage on defendant's trains would probably stumble and fall over these obstructions. That such results were anticipated is manifest, for lamps were in fact provided for lighting this platform, and were fastened to the outside of the depot building; but it appears beyond question, that on this night when the plaintiff was hurt these lamps were left unlighted.

In answer to the suggestion that this injury did not occur on the platform intended for the use of passengers, it is only necessary to say that the jury so found, and that, too, on evidence strongly in favor of that position. While it is true that the local agent testified that these platform extensions, running north and south from the depot, were constructed for the purpose of affording facilities for the handling of baggage, express matter, etc., and was not intended for the use of passengers in entering into or alighting from trains, yet other evidence abundantly showed that these extensions were part and parcel of the one passenger platform along the track in front of the depot building—all used, and apparently so intended, for the accommodation of people in entering into or departing from defendant's passenger trains.

The further suggestion that the plaintiff's first instruction was faulty in not specifically defining contributory negligence is also without merit. By reference to this instruction, it will be seen that the right to recover on certain facts is qualified by the clause, "and without negligence on his part contributing thereto." These general words of qualification were, under the circumstances, entirely harmless, if, indeed, they were not proper. The court, at the instance of the defendant, gave an instruction (number 6) which clearly advised the jury what conduct on plaintiff's part would constitute contributory negligence; so, then, the court's

charge, being taken altogether, was full and complete in that regard. *Halliburton v. Wabash Railroad*, 58 Mo. App. 27.

IV.    In our opinion, the lower court did not err in its modification of defendant's instructions numbers 4, 6, and 9.    It will be seen by reference to these instructions, set out in the statement, that, as originally drawn, the defendant sought to have the court advise the jury that, if it (the railway company) had constructed the portion of the platform where plaintiff was injured for use in handling its freight, baggage and express matter, then it was under no legal obligation "to furnish or equip its platform with reference to the presence or safety of passengers," nor to light the same, etc.    The court added:    *"Unless the jury find that it was necessary for passengers to use that part of the platform in getting on and off the cars, or that it was used by passengers without objection on the part of the employees of the defendant."*    The instructions, as thus requested by the defendant, were, under the circumstances of this case, very unfair and improper.    It matters not as to what use the defendant may have originally intended the platform where the plaintiff fell, if, in fact, at the time of the injury it was used by the defendant as a passenger platform, for use as a means of ingress and egress to and from its trains. Passengers will not be held to a knowledge of such original secret intentions, when, as shown by the proof, the entire 160 feet was in actual use as one continuous platform for the accommodation of its passengers in entering and alighting from its trains.    The facts here are quite different from those of the *Gunderman case*, decided by us last term, 58 Mo. App. 370.    There the plaintiff sauntered away from that portion of the depot and platforms designed for and used by the traveling public, and went where he, as a passenger, had no busi-

ness or right to be; while here, the evidence shows, the plaintiff, Waller, was occupying that portion of the depot and platform which the traveling public uniformly, and, by defendant's consent, ordinarily and habitually occupied and used.

Changes made in other instructions are noticed and found to be no substantial matter of complaint. The court rightly refused defendant's instructions numbers 5, 7 and 8, the first named (number 5) because meaningless, the second (number 7) because relating to a charge of negligence abandoned by the plaintiff, and the last named (number 8) because it relieved the defendant of all liability if (and for that reason alone) the platform was not originally intended for use of passengers.

V. Lastly, the trial court committed no error in refusing to give defendant's peremptory instruction to find for the defendant. "A railway company," says Mr. Wood in his valuable work on railroads, "is bound to keep its stations and premises in proper repair, and properly lighted, and to exercise proper care in other respects; to furnish a safe ingress and egress for, and to prevent injury to its passengers who come upon them. The duty owing by the company in this respect extends to all who come upon the station premises in pursuance of the invitation which it holds out to the public; it embraces passengers who come to take passage on any of its trains, and those who leave its trains at that point; and in each case the duty continues for a reasonable time before and after the departure of its trains. 2 Wood on Railways [Ed. 1894], sec. 310.

In this case, the jury have (on evidence fully sustaining it) found the defendant remiss in the legal duty to light its passenger platform at Higbee station; that it negligently failed so to do, and that, by reason thereof, the plaintiff was injured. The jury also found

(and that, too, on ample evidence) that, at the time, the plaintiff was exercising ordinary care.

The judgment, then, will be affirmed. All concur.