DOYLE, Respondent, v. ST. LOUIS TRANSIT COM-
PANY, Appellant.

### St. Louis Court of Appeals, December 1, 1903.

1. **PRACTICE:** Misjoinder of Parties: Demurrer. The question
as to whether there is a misjoinder of parties, must be raised
by demurrer to be available when the defect appears on the
face of the petition.

2. **———:** Continuance: Absent Witness: Antagonistic Defend-
ants. In an action against two defendants who occupy antago-
nistic attitudes toward each other, where one of them makes
application for a continuance on the ground of an absent wit-
ness, and plaintiff, to defeat the application, admits that the
absent witness will swear to facts stated in the application, it
is error to refuse the continuance, unless the other defendant
will also consent that the contents of the application may be
taken as the testimony of the absent witness as against him.

Appeal from St. Louis City Circuit Court.—*Hon. J. R.
Kinealy,* Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann, Geo. W. Easley* and
*Crawley, Jamison & Collett* for appellant.

(1) Defendant's objection to the introduction of
any evidence under plaintiff's petition should have been
sustained, for the reason that said petition does not state
facts sufficient to constitute a cause of action. While it
is of course true that joint tortfeasors are jointly and
severally liable, it is also true, equally, of course, that
such liability only attaches where the wrong is, in fact,
joint. In order to constitute a joint wrong so as to make
each wrongdoer responsible for the misconduct of both,
there must be some concert of action, or some com-

munity of duty; so that it may be justly said the misconduct or negligence of one not only contributed to the result itself, but also caused or contributed to the misconduct or negligence of the other. Stanley v. Railroad, 114 Mo. 606; City of Independence v. Ott, 135 Mo. 301; De Donato v. Morrison, 160 Mo. 581. (2) In order to obtain a continuance on account of the absence of witness Watkins, appellant filed a formal application setting forth what it expected to prove by said absent witness. To prevent a continuance being granted, plaintiff admitted that said absent witness, if present, would testify, as set forth in said affidavit. Because of this concession on the part of plaintiff, defendant Transit Company was driven into trial, and compelled to forego whatever advantage might have accrued to it from the personal presence of said absent witness. Having thus forced the Transit Company to trial, it was not only erroneous but manifestly unjust for the court to nullify the effect of the testimony of said absent witness, by giving the following instruction, at the request of Harrigan & Sheahan: "The court instructs the jury that in determining the question as to whether or not the defendants Harrigan & Sheahan, in this case were guilty of any negligence that directly and proximately contributed to cause the collision in question, the jury shall not consider the testimony of absent witness, J. Watkins, which was read to the jury by the attorney of the St. Louis Transit Company." It constitutes reversible error. R. S. 1899, sec. 637; State v. Ellis, 74 Mo. 210; Elsner v. Supreme Lodge, 98 Mo. 643; Woolwine v. Bick, 39 Mo. App. 50.

*A. R. Taylor* for respondent.

The respondent pursued his statutory right when the affidavit for a continuance was presented. He had the right to admit that if the absent witness was present in court he would swear as the affidavit recited. This

respondent did so. R. S. 1899, sec. 687; O'Rourke v. Railway, 142 Mo. 351; Taylor v. Railroad, 137 Mo. 368.

GOODE, J.—Plaintiff received a head-wound by the collision of one of the defendant's electric cars with a carriage in which he was riding. This action for damages was instituted against the Transit Company and Harrigan & Sheahan, who were undertakers and liverymen, as joint defendants.

Plaintiff hired a carriage from said firm to attend a funeral in the outskirts of the city of St. Louis. His sister, mother-in-law and a child were in the carriage with him, he being seated on the front seat with his back to the horses. On the return from the cemetery, as they were driving along Florissant avenue, and nearly opposite a road-house, the collision occurred. The carriage had been driven along the south or inbound track, and was in no danger on that track from a front-end collision, as all cars thereon moved in the direction the carriage was going. According to the testimony for the plaintiff, it was forced to leave that part of the avenue west of the road-house on account of the street being closed for certain improvements to be made. The carriage then drove along on the north side of the avenue and when near the road-house entered the north street car track to get around some carriages which were standing at the road-house. While proceeding on the north track a short distance and just as the driver was turning out of it, a street car struck the front of the carriage near the right wheel, smashed it and broke the plaintiff's skull, he and his physicians swore; though there is testimony for the defense that he received merely a scalp wound.

The negligence of which the Transit Company is accused is that the car crew ran the car in question at a reckless and excessive speed, gave no warning of its approach, failed to keep watch for vehicles in the street, used no effort to stop the car and caused it to collide

with the carriage. Violations of the vigilant-watch and the speed ordinances of the city of St. Louis were pleaded.

As to the defendants Harrigan & Sheahan, the charge of negligence is that their servant, the driver of the carriage, caused and suffered it to be collided with by the car, his negligence concurring directly with the negligence of the Transit Company in causing plaintiff's injury.

The Transit Company filed a general denial and a plea that plaintiff himself was to blame for the accident because he remained on the street car track without looking or listening to see or hear the approach of the car, which he could have seen or heard by observing those precautions.

At the inception of the trial the Transit Company's counsel objected to any evidence, assigning as one reason for the objection that the petition showed on its face that the defendants were not jointly liable.

The Transit Company filed an application for a continuance on account of the absence of a witness named Watkins, setting out facts said witness would swear to which tended strongly to show the collision was entirely the fault of the driver. Plaintiff agreed to admit the witness would so swear, and the Transit Company was forced to go to trial. The court instructed that the affidavit of what Watkins' testimony would be should not be considered in determining whether Harrigan & Sheahan were guilty of negligence proximately contributing to the accident.

The jury returned a verdict in favor of the plaintiff against the Transit Company for three thousand dollars, and in favor of the other defendants Harrigan & Sheahan..

The evidence, far from showing a common tort participated in by both the motorman and the driver of the carriage, proved that the casualty might have occurred from the sole negligence of the motorman, the

sole negligence of the driver, or the concurring negligence of both. In other words, the case presented aspects in which the interests of the Transit Company, and of Harrigan & Sheahan were directly antagonistic, and their positions were hostile during the trial. It was the effort of the Transit Company to show the driver was exclusively to blame; of Harrigan & Sheahan to show the motorman was exclusively to blame; while the plaintiff stood indifferent, as he had a case against one or both the defendants in any event. Waller v. Railroad, 59 Mo. App. 410. Whether there was a misjoinder of parties defendant can not be considered; for the point was not raised by demurrer, as was requisite to make it available. Bensieck v. Cook, 110 Mo. 173; Franke v. St. Louis, 110 Mo. 516.

Nevertheless, we think the plaintiff took the risk of such a contingency arising as was presented by the absence of the witness Watkins. Ordinarily the plaintiff would have been entitled to admit the witness would testify, if present, as the application for a continuance stated he would and thus avoid a continuance. In that event the application would have been read to the jury as his testimony and would have had the force and effect of his testimony, so far as the law could make it. But, as has been said, such evidence is a feeble substitute for the presence of a witness on the stand, and the statute permitting it to be used in lieu of testimony should be so construed as to put the party who finds himself in this situation at as little disadvantage as possible. Elsner v. Supreme Lodge, 98 Mo. 640. The matter in the application for a continuance which was substituted for Watkins' testimony went to show that nobody but the driver of the carriage was to blame, thereby tending to completely exonerate the Transit Company and throw liability for the accident on Harrigan & Sheahan. But the court instructed the jury that in determining whether Harrigan & Sheahan were guilty of negligence proximately and directly contributing to the collision,

they should not consider the testimony of Watkins that had been read to the jury by the attorney of the Transit Company. This was equivalent to telling the jury they could consider said testimony to determine that the Transit Company was not negligent, but could not consider it to determine that Harrigan & Sheahan were. But the collision was caused by the negligence of the Transit Company, or Harrigan & Sheahan, or both, and this instruction went far toward neutralizing the force of the testimony and depriving the Transit Company of the benefit of it. When the application for a continuance was presented, as the Transit Company and Harrigan & Sheahan were practically adversaries, the latter should have been called on to say whether they would consent to the contents of the application being taken as the testimony of Watkins as against them, and if they refused to do so, the case should have been continued; otherwise the Transit Company was bound to be forced into trial without using the testimony of one of its main witnesses on a vital issue.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.