C. E. DUTRO, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 6, 1905.

1. STREET RAILWAYS: Fellow-Servant Act. The fellow-servant act does not apply to street railway companies.

2. NEGLIGENCE: Proximate Cause: Allegata et Probata: Damages. When two or more proximate causes contribute to produce an injury each is sufficient within itself to support an action for the recovery of the entire damage and the plaintiff pleading all of such acts of negligence is entitled to recover on the proof of one of them.

3. ———: ———: Pleading: Variance. The function of a petition is to notify the defendant of the charge against him in order that he may prepare his defense, and if the plaintiff's proof is confined to the facts alleged there is no variance though he fails to establish them all.

Dutro v. Street Railway Co.

4. ———: ———: ———: ———. The petition alleged the defective condition of a turntable and the negligence of the servant operating it. *Held,* the right to recover for the defects in the turntable is not dependent upon the proof of negligence in the operator of the table.

5. ———: Defective-Turntable: Evidence. Evidence relating to the defective condition of a turntable is examined and held sufficient to send to the jury the question of defendant's negligence.

6. ———: Pleading: Evidence: Variance. A pleading counting on the defective condition of the turntable and the evidence relating thereto are considered and it is held that the fact really germane to the issue was the position of the table at the time of the injury and not at a prior time and there was no variance.

7. ———: Defective Turntable: Evidence: Notice. Certain evidence criticised as mere conclusions or outside the pleadings was properly admitted to show notice of alleged defects in the turntable.

8. EVIDENCE: Practice: Subsequent Admission. Although evidence be improperly excluded if it is subsequently admitted the error is harmless.

9. NEGLIGENCE: Injured Arm: Damage: Verdict. A verdict for two thousand five hundred dollars is held not excessive for an injured arm.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

'AFFIRMED.

*John H. Lucas* for appellant.

(1) The court erred in the admission of evidence offered by plaintiff. (a) The allegations in the petition were specific and the evidence was not confined to the same. Ravenscroft v. Railway, 27 Mo. App. 617; McManamee v. Railway, 135 Mo. 447; Chitty v. Railway, 148 Mo. 75; Bartley v. Railway, 148 Mo. 139; Oglesby v. Railway, 150 Mo. 177; Raming v. Railway, 157 Mo. 506; Feary v. Railway, 162 Mo. 96; Hesselbach v. St. Louis, 179 Mo. 524. (b) It was error to admit Cazzell's state-

ment of what he told Barnes. Winters v. Railroad, 39 Mo. 476; Koons v. Railway, 65 Mo. 597; King v. Railway, 98 Mo. 240; Smart v. Kansas City, 91 Mo. App. 594; Edwards v. Paving Co., 92 Mo. App. 225-6; Goble v. Kansas City, 148 Mo. 475. ·Likewise in permitting Cazzell and Glasgow to describe what they saw on other occasions. Nash v. Dowling, 93 Mo. App. 164, and authorities above cited. (2) The court erred in overruling the demurrer offered by defendant at the close of the plaintiff's evidence, and in overruling its peremptory instruction at the conclusion of the whole case. There was no evidence to sustain the issues tendered by the pleadings. McManamee v. Railway, 135 Mo. 447; Raming v. Railway, 157 Mo. 505; Chitty v. Railway, 148 Mo. 74-75; Feeback v. Railway, 167 Mo. 214-15; Gurley v. Railway, 93 Mo. 445; Obrien v. Steel Co., 100 Mo. 182; McCarty v. Hotel Co., 144 Mo. 397, 402; Conrad v. Railway, 89 Mo. App. 534; Waldhier v. Railroad, 71 Mo. 516; Schneider v. Railroad, 75 Mo. 295; Watson v. Railroad, 133 Mo. 246. (3) The court erred in giving and refusing instructions. Price v. Railway, 72 Mo. 414; Chitty v. Railway, 148 Mo. 75; Fitzgerald v. Hayward, 50 Mo. 523; Evans v. Railway, 106 Mo. 594; Price v. Railway, 72 Mo. 414; Waldhier v. Railway, 71 Mo. 514; Clarke v. Hammerle, 27 Mo. 70; Currier v. Downs, 7 Mo. App. 329; Bank v. Wilson, 29 Mo. App. 384; Land and Lumber v. Tie Co., 87 Mo. App. 167; Hite v. Railroad, 130 Mo. 141; Hook v. Railway, 162 Mo. 569; Sams v. Railway, 174 Mo. 53; Johnson v. Railway, 104 Mo. App. 588; McCarty v. Hotel Co., 144 Mo. 402. (4) The court erred in overruling the motion for a new trial. Foley v. Alkire, 52 Mo. 317; Spohn v. Railway, 87 Mo. 74; Brown v. Railroad, 101 Mo. 484; Hook v. Railway, 162 Mo. 569; Hite v. Railway, 130 Mo. 140; Stoetzele v. Swearingen, 90 Mo. App. 588; Haynes v. Trenton, 108 Mo. 123.

Dutro v. Street Railway Co.

*Rust & Campbell* for respondent.

(1)  The petition in case at bar states two distinct and separate grounds of recovery, and the one as to the out of repair condition of the turntable was fully proved.  (2)  The excluded evidence complained of was all afterwards admitted.  (3)  The evidence as to having had to hold the turntable with a crowbar, prior to the time of the accident, was introduced for the purpose of proving the allegations in the petition that defendant knew of its out of repair condition, and for this purpose was certainly competent, and besides on page 23 of the abstract it was admitted without objection.  (4)  The court's instruction 1 and defendant's 4 certainly sufficiently limit the issues.  (5)  If plaintiff's arm eighteen months after the accident was almost entirely useless, as both he and Dr. Miller testified, then certainly $2,500 cannot shock the conscience of the court, especially when we consider the evidence of the pain and suffering, and that five months after the accident it was still badly swollen, sore and tender, discolored and boggy.

JOHNSON, J.—This is a suit for damages resulting from personal injuries alleged to have been sustained by plaintiff as the result of negligence of defendant.   Plaintiff was a gripman employed by defendant and at the time of injury, August 20, 1901, was engaged in the discharge of the duties of such service upon a train of cable cars in operation upon the Fifteenth street line of defendant's street railway system in Kansas City.   On arriving at the eastern terminus of the line he was directed by defendant to run his train upon a certain track called the emergency track which necessitated the crossing of a turntable in operation there in the handling of defendant's cars.   The acts of negligence complained of are contained in the following averments in the petition ". . . that the defendant

had negligently and carelessly for a long time allowed the turntable to be in such a dangerous condition and so out of repair that the gripslot on the turntable and the gripslot of said emergency track would not, when operated in the usual manner so fit or come together as to make the slot on one side exactly correspond with and be opposite to the slot on the other, as they should do.  That an agent and servant of defendant, to-wit, Sidney Freeman, turned and set said turntable for the purpose of allowing plaintiff to take his car on to the emergency track as above set out, and that he so negligently and carelessly turned and set said turntable that the slot on the turntable did not fit and come opposite to the slot on the emergency track, and that by reason of such negligence on the part of Freeman, and by reason of the said dangerous and out-of-repair condition of the turntable, of which defendant knew, or by the exercise of reasonable care might have known for a time reasonably sufficient to have repaired the same, the slot in the turntable when the latter was turned and set by Freeman to allow plaintiff to take his car on to the emergency track, as aforesaid, did not fit, correspond with and come opposite to the slot on the emergency track as it should have done, by reason of all of which the grip on the car of which plaintiff was in charge was when plaintiff was so attempting to take said car across said turntable on to said emergency track caused to strike the slot rails of said emergency track thereby causing said gripcar to be stopped," etc.

The answer was a general denial and a plea of contributory negligence.  The trial resulted in a judgment for plaintiff and the case is here on defendant's appeal.

It will be observed the injury as alleged was the sudden stopping of the car caused by the appliance called the grip striking against the end of the slot rail of the emergency track instead of passing into the slot therein from the one between the rails on the moveable table.  The reason assigned for the failure of proper

Dutro v. Street Railway Co.

operation upon this occasion was that the slot in the table track was not in line with that in the emergency track when the moving car reached the latter, which condition, as charged, was the direct result of the co-operation of two separate and distinct acts of negligence —the worn, defective and out-of-repair condition of the turntable and the negligent manner in which the operator thereof performed his duty. Plaintiff now concedes the operator was free from negligence. That issue was in fact abandoned by him at the trial and no evidence was offered in support thereof. The contest there was waged over the issue of negligence involved in maintaining the turntable in such a defective and out-of-repair condition that it was a dangerous appliance for the use to which it was devoted.

Practically all of the numerous points made by defendant here derive their plausibility from the construction placed by its counsel upon the petition, particularly the deductions drawn from the presence therein of the averment of two specific concurrent acts of negligence, one of which—the defective appliance—supports a cause of action; and the other—the negligence of a fellow servant of plaintiff—does not, for as to the latter the law imposing liability upon the master for the negligent acts of fellow servants has been held not to apply to street railways. Sams v. Railway, 174 Mo. 53.

A cause of action may be founded upon two separate acts of negligence which concurring in operation produce a joint result—the injury. The fact of concurrence precludes the supposition of any repugnancy between them, for acts which co-operate are necessarily in harmony else they would not work together. This somewhat trite observation is called forth by the assumption of defendant that under the allegations of the petition proof of one of the negligent acts would tend to disprove the other. This is not true either under the language of the averment which expressly charges

that the acts were concurrent or from a consideration of the acts themselves, for it is inconceivable that the fact of the operator's negligence in operating the table, had such negligence existed, was necessarily inconsistent with the existence of such defects in that appliance as to render the placing and maintaining thereof in proper position more difficult and unstable than would have been the case had it been in proper repair. Both of these facts could have existed as alleged and might have joined in producing the injury. When two or more proximate causes contribute to produce an injury, each is sufficient within itself to support a cause of action for the recovery of the entire damage resulting and it logically follows that a plaintiff who pleads in his petition all of such claimed acts of negligence is entitled to recover upon proof of any one of them. Waller v. Railway, 59 Mo. App. 426; Banks v. Railway, 40 Mo. App. 464; McDermott v. Railway, 87 Mo. 285. We therefore cannot give our assent to the proposition advanced by defendant that evidence showing the condition of the turntable "was inadmissible unless it was further shown that the carelessness and negligence of the operator of the turntable in setting his table both concurred in the production of the injury."

The learned counsel for defendant misapplies the rule so often asserted that where the pleader sees fit to specify grounds of negligence he will be confined in his proof to the facts thus specified and will be permitted to recover upon no other. Waldhier v. Railway, 71 Mo. 514; Ravenscraft v. Railway, 27 Mo. App. 622; McManamee v. Railway, 135 Mo. 447; Raming v. Railway, 157 Mo. 505; Chitty v. Railway, 148 Mo. 74; McCarty v. Hotel Co., 144 Mo. 397; Gurley v. Railway, 93 Mo. 450. No authority cited goes to the extent of holding the plaintiff to proof of all the acts of negligence specified. If such rule prevailed it would be difficult, indeed, for any case arising in tort to run the gauntlet of judicial scrutiny and survive. A negligent act must be proven as

charged, else there is a variance between allegation and proof, the reason for this rule being that the defendant is not required to meet any other issues than those presented by the pleadings. It is the chief function of the petition to notify the defendant of the nature of the charge against him in order that he may have fair opportunity to prepare his defense, and if plaintiff confines his proof to the facts alleged there is no variance if he fails to establish them all, for defendant is not injured if not called upon to meet issues of fact other than those charged. There was but one proximate cause pleaded in the petition for which defendant was liable—the defective turntable. If this contributed to the injury it was entirely immaterial to the cause of action whether or not plaintiff's fellow-servant, Freeman, was guilty of negligence which also contributed to the injury, unless it appeared that the injury could not have resulted save for the negligence of the fellow-servant. We conclude that plaintiff's right to recover under the cause of action pleaded was not in any manner dependent upon proof of negligence on the part of his fellow servant.

Defendant contends that its instruction in the nature of a demurrer to the evidence should have been given. The main argument advanced in support of this contention is the alleged departure from the issues pleaded in failing to prove any negligence on the part of the operator. What we have just said disposes of that point.

It is also urged that the physical facts disclosed by the evidence are such that the negligence charged with respect to the defective condition of the turntable could not have contributed to plaintiff's injury. The cable which pulled the cars did not extend to the turntable but passed around a wheel a short distance therefrom. The track approached the turntable upon an incline which made it necessary in order to go across that the cars be given sufficient momentum to carry them over by inertia. Plaintiff, in approaching, stopped for the signal

to cross; after receiving this he seized the cable with
the grip, acquired the requisite speed and then released
the cable before reaching its turning point.    Being thus
compelled to go over without further aid from applied
power, he was forced by his situation to take it for gran-
ted, after receiving his signal, that the way was clear.
When his car entered upon the moveable table, evidently
the gripslots of the track he left and that in the table
track were in juxtaposition, for the portion of the grip
appliance which extends below the surface entered the
table slot and passed safely over the table but on reach-
ing the end of the emergency track it failed to enter the
slot therein which at that point was some three inches
wide, and, instead, struck the end of the slot rail.    It is
obvious something intervened during the crossing to so
displace the table that the two slots failed to connect.
From the standpoint of plaintiff's evidence he was en-
tirely without fault.    After releasing the cable he closed
that portion of the grip which seized and held it in place,
which all the witnesses agree was the proper thing for
him to have done.    He stood in his proper place in cross-
ing and was struck by the grip lever as the direct result
of the arrested forward motion of the grip bar.    The de-
fect accountable for this accident, according to the evi-
dence introduced by plaintiff, lay in the locking device
provided for holding the table in place.    This appliance
consisted of a steel or similar metal, bar some fiifteen
inches in length, five inches in width and three-fourths of
an inch in thickness attached to the curb which encircled
the table in such a manner that it freely swung up and
down as upon a hinge.    On the surface of the table at
a point over its periphery there was a metal slot corres-
ponding in breadth and depth to the breadth and thick-
ness of the bar or tongue.    Motion was communicated
to the table by a lever which connected the operating ma-
chinery thereof with the power used.    The operator by
this means set the table in motion, after which he dis-
connected the power, threw the locking bar over so that

it rested upon the surface of the table and moved along until it reached the slot into which it dropped, thereby arresting the motion of the table and holding it in position for the gripslots therein to meet those of the entering and leaving tracks. Plaintiff's evidence tended to show that both the locking bar and the socket which it engaged had become so worn from use that they failed to hold the table sufficiently rigid, also that because of the resulting play of the bar in the socket, the former would occasionally work entirely out of the latter. This evidence accounts for the accident, for with the device in the condition described, the rapid motion of a car crossing the table would very likely produce such displacement thereof as occurred in this instance.

In this connection we will notice the point made by defendant, in criticising plaintiff's instructions, that under the averments of the petition recovery cannot be sustained on account of a displacement of the table produced by the motion of the car in crossing. The gist of the complaint is the failure of the slot in the table to meet that in the emergency track when the car reached that point. As the car hardly could have entered upon the table if the latter was out of position there, and the accident is charged to have occurred after it entered and crossed, defendant was certainly advised that the issues to be met were involved in the fact of a displacement during the crossing. It must be confessed that, literally construed, the pleader does say the bad joint had occurred at the emergency track when the operator set the table; but the fact really germane to the issue was the position of the table when the blow was struck. Taking the averments as a whole, and giving them a fair and reasonable interpretation, we must hold that it was the conditions and causes existing at that moment which were put in issue. No error was committed in overruling the demurrer to the evidence.

Complaint is made of the ruling of the learned trial

judge upon the admission of evidence. One witness was permitted to testify, over defendant's objection, that he had seen the operator prior to the date of the accident holding the table in position with a crowbar in the presence of defendant's foreman. Another, that other but similar means were resorted to for the same purpose. The evidence was properly admitted as it tended to show the defective condition of the locking apparatus and notice thereof to defendant. This testimony of one of defendant's employees also was permitted to go in: Q. "Did you at any time prior to August 20th, 1901, make any report or statement to Mr. Barnes (the foreman) regarding the condition of that table?"   A. "Well, I told him I didn't think the table was in good condition for a man to run over." It is true, as urged by defendant, that such statements, being mere conclusions, are not admissible to prove the facts of the defective condition, but the evidence was competent for the purpose of showing notice to the defendant of such condition. Certainly, to bring such knowledge home to the master, it cannot seriously be contended the person delivering the information must specify the nature of the defects.

Nor was any error committed by the court in sustaining the objection made to this question propounded by defendant's counsel to the witness, Warden: "Tell these gentlemen what the condition of this slot and this latch was on the 20th of August, 1901?" Aside from the objection that the question called for the expression of opinion by one not qualified as an expert, defendant immediately followed the court's adverse ruling thereon with this question: "Just describe the condition in your own language—the condition of the socket and the condition of the latch and the condition of the track on the turntable and the condition of the emergency track and the condition of the south track as being in line on the 20th of August, 1901." Which, being unobjected to by plaintiff, the witness answered. The second question was the same in form and sustance as the first, and even

had competent evidence been called for, defendant was not injured by the substaining of the objection to the first, for the error, if any, was cured in the evidence admitted.

We deem it unnecessary to notice other points made relative to the action of the court in passing upon the admissibility of evidence, for all of them manifestly are without merit.

Other points made against the instructions have been answered in the views expressed. We find no error committed with respect to them. Nor do we think under the evidence the verdict was excessive. Plaintiff's left arm was broken and the muscles thereof badly bruised as the result of the blow received. At the trial, which occurred some twenty months after the accident, it was still so disabled as to be practically useless, and plaintiff's doctor testified that in his opinion the arm would never entirely recover. The verdict for twenty-five hundred dollars was not so large under such circumstances as to justify us in saying it was the result of passion or prejudice.

The judgment is affirmed. All concur.