[No. 10435. Department Two. January 20, 1913.]

THOMAS DAVIES, *a Minor, by his Guardian etc., Appellant,*
v. ROSE-MARSHALL COAL COMPANY, *Respondent.*[1]

PLEADING—COMPLAINT—ELECTION—WRONGFUL DEATH—PROXIMATE
AND CONCURRENT CAUSES. In an action for the wrongful death of a
coal miner, the complaint states but a single cause of action, and
it is error to require an election, where it is alleged, as proximate
causes of the death, (1) that overhead rock fell upon the decedent
through defendant's failure to furnish proper timbers, which caused
gases to collect, and (2) that, through want of a sufficient ventilating
system in decedent's working place, the gases caused decedent to
fall to his death, since the two causes were concurrent.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered January 29, 1912, dismissing
an action for the wrongful death of a coal miner, upon plain-
tiff's refusing to make an election. Reversed.

*Brady & Rummens,* for appellant.

*John W. Roberts* and *George L. Spirk* (*Geo. D. Emery,*
of counsel), for respondent.

CROW, C. J.—This action was commenced by Thomas
Davies, a minor, by his guardian *ad litem,* to recover dam-
ages resulting from the death of his father, alleged to have

[1]Reported in 129 Pac. 98.

been caused by negligent acts of the defendant.    Plaintiff alleged, that the defendant owned and was operating a coal mine in which Thomas Davies, Sr., plaintiff's father, was employed as a miner; that it became necessary for the father to pass through and work in and near to chute No. 8; that to make his working place safe it was necessary that the chute should be timbered and propped to prevent it from caving, and that it should be supplied with a sufficient quantity of fresh air; that the defendant at all times failed and neglected to timber the chute or to furnish timbers for that purpose, and that the ventilating system of the mine was defective and insufficient for the purpose of providing fresh and wholesome air.    Plaintiff further alleged:

"That on the 30th day of December, 1910, while the said Thomas Davies, now deceased, was a strong, robust, able-bodied man in perfect health, he entered chute 8 for the purpose of going to his working place, when by reason of having no timber supplied him with which to prop said chute, and by reason of the lack of proper timbers in said chute to support the same, stone, coal and debris fell therefrom down, upon and against said Thomas Davies and by reason of the fact that there was no air circulating through his said working place and through chute 8, a large quantity of sickening and poisonous gas was accumulated therein and permitted to remain therein to such an extent that human life could not be sustained therein and when said Thomas Davies had reached a point along said chute 8 where said gas was accumulated, on account of inhaling such gas and on account of the stone and coal and debris falling upon him, said Thomas Davies was precipitated down through said chute 8 to the bottom thereof next to the gangway and by reason thereof, died on said 30th day of December, 1910."

To this complaint the defendant interposed the following motion:

"Comes now the defendant and moves the court to require the plaintiff to elect whether or not the plaintiffs will rely upon the failure to timber or to furnish timbers as the moving or proximate cause of the death of the deceased, or whether he will rely upon the allegations in relation to poison-

ous gases in the mine, and require the plaintiff to elect upon which cause of action it will stand and proceed to the trial of this cause. If the court should overrule or deny the motion for election then the defendant moves the court to require the plaintiff to separately state and number its causes of action, for the reason that two separate and distinct causes of action are improperly pleaded and joined as one."

Upon hearing, this motion was sustained. Thereupon the plaintiff declined to amend or plead further, and the cause was dismissed. The plaintiff has appealed.

The only question presented is whether the complaint states more than one cause of action. Respondent contends that two causes are pleaded without being separately stated and numbered, and that they are inconsistent. Appellant insists that but one cause is pleaded. It is apparent from the allegations of the complaint that respondent's negligence in failing to provide timbers, and his further negligence in failing to establish and maintain a proper ventilating system, were concurrent and joint causes of the death of its employee. As suggested by appellant, there was but one death although it resulted from concurrent acts of negligence. The wrongful death caused by appellant's negligent acts, and the damages resulting therefrom, constituted but one cause of action. Possibly the absence of timbers and the consequent caving of the chute would not have caused death, but would only have stunned or have slightly injured Davies. On the other hand, the poisonous air alone might not have caused his death, for if he had not been struck by falling debris, he might have been able to escape from the foul air before falling down the chute. Were appellant compelled to state the several acts of negligence as separate causes of action, or to elect one act of negligence as the cause of action upon which to seek a recovery of damages, he might fail in his proof of the negligent act which caused death whatever his election might be. In *Dutro v. Metropolitan St. R. Co.,* 111 Mo. App. 258, 86 S. W. 915, the court said:

"A cause of action may be founded upon two separate acts of negligence which concurring in operation produce a joint result—the injury. . . . When two or more proximate causes contribute to produce an injury, each *is* sufficient within itself to support a cause of action for the recovery of the entire damage resulting and it logically follows that a plaintiff who pleads in his petition all of such claimed acts of negligence is entitled to recover upon proof of any one of them. *Waller v. Railway,* 59 Mo. App. 426; *Banks v. Railway,* 40 Mo. App. 464; *McDermott v. Railway,* 87 Mo. 285."

There was but one cause of action, and the motion was improperly sustained.

The judgment is reversed, and the cause remanded with instructions to overrule the motion.

MOUNT, FULLERTON, and ELLIS, JJ., concur.